▪ In the Matter of the Claim of SHELDON HOROWITZ, Respondent, against SCULPTURE PRESS, INC., Appellant. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal by employer from a decision and award of the Workmen's Compensation Board insofar as the award constituted double compensation awarded pursuant to section 14-a of the Workmen's Compensation Law, upon the board's finding that claimant, a minor under 18 years, "was permitted, employed or suffered to work at a dangerous machine whose point of operation was unguarded at the time of the accident in violation of Rule No. 19-23.2 of the Industrial Code". The rule thus found to have been violated, was adopted by the Board of Standards and Appeals pursuant to subdivision 11 of section 146 of the Labor Law, and is applicable here by virtue of section 14-a of the Workmen's Compensation Law. The rule forbids the employment of minors between the ages of 16 and 18 years at any machine listed in the industrial code rules for the guarding of the point of operation of dangerous machinery, "unless such machinery is equipped at the point of operation with such a guard as is specified therefor in said rules". It is necessary, therefore, to look to the rules complementing the general provisions of rule 19-23.2. Those rules as to the guarding of such machines at the point of operation are classified as "A" or "B" and it is provided: "The designation 'class A' with a rule means that the rule applies for all kinds of work. The designation 'class B' means that the rule applies unless the nature of the work will not permit". (3 N. Y. Off. Comp. of Codes, Rules & Regulations, p. 577; rule 877, now renum. 19-6.2.) The rule which sets up the specifications (referred to in rule 19-23.2 here found to have been violated) is of the "class B" designation and provides as follows: "19-7.4 Circular metal saws. Class B—see rule 877 (now rule 19-6.2). Circular metal saws shall be provided with a hood which will cover the saw at all times to at least the depth of the teeth. 1. The hood shall automatically adjust itself to the thickness of and remain in contact with the material being cut at the point where the stock encounters the saw, or 2. Shall be a fixed or manually adjusted hood or guard provided the space between the bottom of the guard and the material being cut does not exceed three-eighths inch at any time." (3 N. Y. Off. Comp. of Codes, Rules & Regulations, p. 579; rule 881, now renum. 19-7.4.) There follow certain exceptions, as to the relevance of which the record is devoid of proof, and a further provision not material here. At the time of the accident, claimant was operating a circular power saw to cut metal slugs. It is undisputed that the machine was provided with a hood guard of the "flip over" type which could be flipped back from the point of operation of the saw and could then be manually returned to the safe position. The board's finding here somewhat distorts the language of the rule which it cites and seems to have been predicated, not upon any failure to equip, but upon the fact that at the moment of the accident the point of operation was unguarded, because the guard had not been turned to the safe position. (Rule 19-23.2.) As an additional ground, apparently not urged prior to the appeal, it is now contended that a violation occurred because the guard was not such as to cover the saw "at all times", as provided in rule 19-7.4, above quoted. Both contentions involve a construction

of the particular language relied upon which is, in our view, both unrealistic and at variance with the apparent purpose and intent of the rules when read in their entirety. Obviously, the promulgators of the rules recognized that in some cases no guard could be required, because of the nature of the work, and that, in any event, completely automatic safeguards are not possible or feasible in all types of operations and that some reliance must then be placed on human performance in the use of safeguards other than automatic. Further recognition of these actualities is found in rule 19–3 requiring employees to use the safety devices furnished for their protection. The necessary implication of the board's bare finding that the saw was not guarded at the point of operation is that the statutory liability may be imposed, regardless of any other fact, if the guard is not`in place at the instant of an accident, the corollary being that liability may be avoided only by installation of a permanently fixed or automatic guard. This result would, of course, nullify the permission granted by rule 19-7.4 for use of a manually adjusted guard. The same result would follow adoption of the theory advanced on this appeal that the guard must be in place at all times. As to the latter contention it may also be noted that rule 19-7.4, which seems to be drawn with some care, provides that the saw "shall" be provided with a hood, that the hood "shall" automatically adjust itself or "shall" be fixed or manually adjustable but, in the clause relied upon by respondent, provides that the hood be one which "will" cover the saw at all times. In our view, the rule relied upon by the board in its decision and the somewhat more specific rule to which reference has been made on this appeal alike must yield to the construction that, when a guard is required and the manually adjustable type is employed, it must be such that, when in place at the point of operation, it will cover the saw at all times to at least the depth of the teeth and will otherwise comply with the provisions of subdivision 2 of rule 19-7.4. The proof adduced on behalf of claimant was insufficient to establish whether a guard was required or, if so, whether that provided complied with the rules referred to. The employer's proof was merely that the guard was of. a type standard in the industry. On a rehearing the deficiencies in the proof may be supplied. Decision and award reversed and matter remitted to the Workmen's Compensation Board for further proceedings not inconsistent herewith, with costs to appellant against the Workmen's Compensation Board. Foster, P. J., Coon, Halpern, Zeller and Gibson, JJ., concur.